USDS SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: 6/20/13

```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------x
UNITED STATES OF AMERICA,

            -against-                          S7 98 Crim. 1023 (LAK)

KHALID AL FAWWAZ,

                        Defendant.
------------------------------------x
```

## MEMORANDUM OPINION

Appearances:

Sean S. Buckley
Rachel P. Kovner
Stephen J. Ritchin
Assistant United States Attorneys
Preet Bahrara
UNITED STATES ATTORNEY

Bobbi C. Sternheim
LAW OFFICES OF BOBBI C. STERNHEIM

DAVID V. KIRBY
Babrbara E. O'Connor
O'CONNOR & KIRBY, PC
*Attorneys for Defendant Kahlid Al Fawwaz*

Lewis A. Kaplan, *District Judge.*

Defendants Kahlid Al Fawwaz and Adel Abdel Bary were indicted in this Court in 2000 for, among other things, conspiring with Usama Bin Laden and others to kill Americans abroad by, among other means, bombing the United States embassies in Nairobi, Kenya, and Dar es Salaam, Tanzania, bombings in which 224 people reportedly were killed and many more injured.

This case is now before the Court on a host of motions by defendant Al Fawwaz. This opinion deals with Al Fawwaz's motion for severance. The remainder of Al Fawwaz's motions are dealt with by order of even date.

*Facts*

Al Fawwaz and Abdel Bary are charged on the same superseding indictment (S7), and the government plans to try them jointly. The superseding indictment contains 308 counts. Counts One through Six charge defendants with conspiracies to murder, bomb, and maim. Al Fawwaz is charged in Count 1 (Conspiracy to Kill United States Nationals), Count Three (Conspiracy to Murder); Count Five (Conspiracy to Destroy Buildings and Property of the United States), and Count Six (Conspiracy to Attack National Defense Utilities). Abdel Bary is charged in Counts One and Counts Four through Six. Counts Seven through Two- Hundred and Eighty-Six charge Abdel Bary and others[1] with substantive crimes related to the U.S. embassy bombings. Al Fawaaz is charged in none of those counts. Neither defendant is charged in the remaining counts.

---

[1] The other defendants on these counts have been convicted or are not available for trial with Abdel Bary for other reasons.

*Discussion*

Defendant Al Fawwaz seeks severance under Federal Rule of Criminal Procedure 14(a). That rule provides that a district court may sever "[i]f the joinder of offenses or defendants in an indictment, an information, or a consolidation for trial appears to prejudice a defendant." The Supreme Court has explained, however, that the interests of efficiency and consistency of outcome generally favor joint trials of defendants indicted together.[2] "This preference is particularly strong where, as here, the defendants are alleged to have participated in a common plan or scheme.[3] Thus, "a district court should grant a severance under Rule 14 only if there is a serious risk that a joint trial would compromise a specific trial right of one of the defendants, or prevent the jury from making a reliable judgment about guilt or innocence."[4] Moreover, even where there is a risk of prejudice, "less drastic measures – such as limiting instructions – often suffice as an alternative to granting a Rule 14 severance motion."[5]

Al Fawwaz argues that a joint trial would prejudice him to an extent warranting severance under Rule 14(a) for essentially three reasons: (1) the disparity of the charges between Al Fawwaz and Abdel Bary are said to be such that the evidence introduced against Abdel Bary will be "overwhelmingly prejudicial"[6] to Al Fawwaz; (2) the number of charges in the indictment will

---

[2] *Zafiro v. United States*, 506 U.S. 534, 537 (1993).

[3] *United States v. Salameh*, 152 F 3d 88, 115 (2d Cir. 1998).

[4] *Zafiro*, 506 U.S. at 539.

[5] *United States v. Feyrer*, 333 F.3d 110, 114 (2d Cir. 2003).

[6] DI 1179, at 16.

render a joint trial too long and complicated; and (3) Al Fawwaz intends to put forth a defense "which is intensely antagonistic to Mr. Bary."[7]

### 1. *Alleged Disparity of Charges*

Al Fawwaz argues that the "massive disparity between the charges against Mr. Al Fawwaz and Mr. Bary" will render Al Fawwaz unable "to defend against the individual charges filed against him without fear of the spillover effect of the Bary prosecution and defense."[8] Indeed, Al Fawwaz is charged only in four conspiracy counts, while Abdel Bary is charged in those counts plus 279 substantive counts of murder and other crimes. He therefore contends that the evidence the government admits against Abdel Bary will prejudice him.

"The possibility that some incriminating evidence will be admissible only against [Bary] does not, [however], justify severance."[9] The Second Circuit repeatedly has held that "differing levels of culpability and proof are inevitable in any multi-defendant trial and, standing alone, are insufficient grounds for separate trials."[10] Instead, a defendant must "demonstrate that the evidence introduced against [his co-defendant would ] in some way [affect[] the jury's ability

---

[7] *Id.* at 17.

[8] DI 1179, at 17.

[9] *United States v. Stein*, 428 F. Supp. 2d 138, 144 (S.D.N.Y. 2006).

[10] *United States v. Carson*, 702 F.2d 351, 366-67 (2d Cir. 1983); *see also United States v. Torres*, 901 F.2d 205, 230 (2d Cir. 1990); *United States v. Hernandez*, 85 F.3d 1023, 1029 (2d Cir. 1996) ("The fact that one of several codefendants is tried for a crime not committed by another codefendant does not, without more, create the sort of miscarriage of justice that would require a new trial.").

fairly and rationally to evaluate the evidence of [the defendants'] guilt."[11] Al Fawwaz has not so demonstrated.

*First*, Al Fawwaz and Bary are alleged co-conspirators. "Evidence at the joint trial of alleged coconspirators that, because of the alleged conspiratorial nature of the illegal activity, would have been admissible at a separate trial of the moving defendant is neither spillover nor prejudicial."[12] Bary is charged with all of the four conspiracies with which Al Fawwaz is charged. Much if not most of the evidence admissible against Abdel Bary as to his participation in those conspiracies therefore would be admissible also against Al Fawwaz.[13]

*Second*, although Al Fawwaz is not charged in any of the substantive counts, the evidence underlying those counts is likely to be admissible against him. The 1998 Embassy bombings allegedly were overt acts in furtherance of three of the conspiracies (Counts Three, Five, and Six) in which Al Fawwaz is charged and the specific object of the fourth (Count One). Thus, "the introduction of the horrifying evidence of violence and death [surrounding those bombings] which the government will no doubt introduce to prove the substantive counts against Mr. Bary"[14] probably would be admissible also against Al Fawwaz and likely would be introduced against him even if he were tried separately.[15] Indeed, as Judge Sand wrote in rejecting a similar argument

---

[11] *Hernandez*, 85 F.3d at 1029.

[12] *United States v. Rosa*, 11 F.3d 315, 341 (2d Cir. 1993).

[13] *Salameh*, 152 F.3d at 115.

[14] DI 1179, at 18.

[15] *Salameh*, 152 F.3d at 111 ("Where a defendant is a member of a conspiracy, all the evidence admitted to prove that conspiracy, even relating to acts committed by co-

made by certain defendants who were charged only in the conspiracy counts of an earlier indictment in this case: "The embassy bombings are said to have been overt acts in furtherance of each of [the] conspiracies . . . . All of the Defendants—including those only charged with the various conspiracies—are, therefore 'bombing' Defendants, and evidence about the bombing is relevant to the Government's case against each of them."[16]

### 2. Length and Complexity of Trial

Next, Al Fawwaz argues that, given the number of charges in the indictment and the geographic and temporal scope, a joint trial would be too long and complicated and unfairly would burden him "with the additional task of step-by-step, count-by-count ensuring that the jury does not let the massive charges leveled against Mr. Bary color their opinion of him or infect their deliberations on the few counts in which Mr. Al Fawwaz is named."[17] He contends that severance therefore is required under *United States v. Casamiento*.[18]

In *Casamiento*, the court rejected a due process challenge to the seventeen month joint trial of twenty-one defendants for money laundering and narcotics trafficking, holding that the length and complexity of the trial did not create substantial prejudice. The Court did, however, express its "misgivings about trials of this magnitude" and established guidelines for future

---

defendants, is admissible against the defendant.").

[16] *United States v. Bin Laden*, 109 F. Supp. 2d 211, 217 (S.D.N.Y. 2000) *aff'd sub nom. In re Terrorist Bombings of U.S. Embassies in E. Africa*, 552 F.3d 93 (2d Cir. 2008).

[17] DI 1179, at 16.

[18] 887 F.2d 1141 (2d Cir. 1989).

6

decisions.[19] The Second Circuit instructed district courts to gauge the time anticipated to present the government's case based on a "good-faith estimate" from the prosecutor and make its own independent assessment.[20] And "[i]n those cases where the judge determines that the time for presentation of the prosecution's case will exceed four months, the judge should oblige the prosecutor to present a reasoned basis to support a conclusion that a joint trial of all the defendants is more consistent with the fair administration of justice than some manageable division of the case into separate trials for groups of defendants."[21] The prosecutor's showing must be "especially compelling" where the trial will include more than ten defendants.[22]

This case does not implicate the concerns highlighted in *Casamiento*. The trial involves only two defendants. The government estimates that it will take "between two and a half and three months," but that, depending on discovery and further stipulations reached by the parties, the length likely will be "drastically reduce[d]."[23] The Ghailani case, which involved another alleged conspirator in the Embassy bombing plot was tried in less than two months despite the fact that Ghailani was charged in 286 counts. Moreover, a *Casamiento* claim justifies "severance [only] if one might expect separate trials to be shorter and less complicated than a joint trial."[24] As

---

[19] *Id.* at 1151.

[20] *Id.*

[21] *Id.* at 1152.

[22] *Id.*

[23] Oct. 9, 2012 Tr. at 10:9-15.

[24] *United States v. Bin Laden*, 109 F. Supp 2d at 219.

explained above, much if not most of the evidence admissible against Abdel Bary would be admissible also against Al Fawwaz even if he were tried separately. Thus, "[t]here would seem to be little value, in terms of length and complexity, to ordering a severance and conducting separate trials."[25]

The Court therefore concludes that a joint trial would be more consistent with the administration of justice than separate trials.

### 3. *Allegedly Antagonistic Defense*

Finally, Al Fawwaz argues that "severance is required because Mr. Al Fawwaz will put forth a defense which is not only inconsistent with what [his lawyers] expect to be the Bary defense, but one which is intensely antagonistic to Mr. Bary."[26] This argument also fails.

The Supreme Court has held that "[m]utually antagonistic defenses are not prejudicial *per se*."[27] Severance is required only where a defendant has shown that "acceptance of one party's defense would tend to preclude the acquittal of the other."[28] Al Fawwaz has not made this showing. Indeed, he has not in any way substantiated the claim that he intends to put forth a defense that is antagonistic to Mr. Bary. He has not, for example, previewed his likely defense or explained how it would prejudice Abdel Bary. Instead, Al Fawwaz states only that while "[d]efense counsel for

---

[25] *Id.* at 220.

[26] DI 1179, at 17.

[27] *Zafiro*, 506 U.S. at 538.

[28] *Salameh*, 152 F.3d at 116 (quoting *United States v. Smith*, 788 F.2d 663, 668 (10th Cir. 1986)).

Mr. Bary has previously advised the Court that he is prepared to stipulate to 'more' than the government will likely ask[,] [t]he Al Fawwaz team has no such intention."[29] This certainly does not establish that Al Fawwaz's defense would preclude Abdel Bary's acquittal.

* * *

In sum, Al Fawwaz has failed to demonstrate that a joint trial would compromise a specific trial right or prevent the jury from making reliable decisions. The Court therefore declines to grant a severance under Rule 14(a).

### Conclusion

For the foregoing reasons, Al Fawwaz's motion for a severance [DI 1176] is denied.

SO ORDERED.

Dated:    June 20, 2013

_____
Lewis A. Kaplan
United States District Judge

---

[29] DI 1179, at 17.